**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RAPHAEL R. ADAM,
              Appellant,

v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
SF-1221-12-0695-B-1

DATE: February 5, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Danielle B. Obiorah, Esquire, McDonough, Georgia, for the appellant.

Michael L. Halperin, Esquire, Monterey, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision in this individual right of action (IRA) appeal, which denied his request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED by this Final Order to VACATE the administrative judge's finding that the agency proved it would not have selected the appellant for a vacant instructor position by clear and convincing evidence and to find that the appellant did not show that his disclosure was a contributing factor in the agency's decision to allow his temporary appointment to expire, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 We previously found that the appellant had made a nonfrivolous allegation establishing Board jurisdiction over his IRA claim and remanded this appeal for a hearing on the merits. Remand Appeal File (RAF), Tab 1.

¶3 The appellant was an Assistant Professor serving a temporary appointment at the agency's Defense Language Institute Foreign Language Center and Presidio of Monterey, California. MSPB Docket No. SF-1221-12-0695-W-1, Initial Appeal File (IAF), Tab 7, Subtab 4O. His temporary appointment expired on September 30, 2011. *Id.*, Subtab 4G. He alleged that he made two protected disclosures to his former dean, and, in retaliation for those disclosures, his temporary appointment was not extended and he was not selected for available vacant instructor positions. IAF, Tab 1 at 4-8. The Board found that he made a

nonfrivolous allegation for only one of the two disclosures. RAF, Tab 1 at 4-5. Specifically, the Board found that, in August 2009, he made a protected disclosure to his then-dean that other instructors were misusing government resources while on temporary duty. *Id.* The instructors, including the appellant, were all supervised by a supervisory program manager who was the subject of the appellant's other alleged protected disclosure. RAF, Tab 1 at 5, Tab 14 at 17. We previously affirmed the administrative judge's determination that this second disclosure was not protected. RAF, Tab 1 at 5.

¶4        On remand, the appellant withdrew his request for a hearing during a conference call and moved to have the appeal adjudicated based on the written record. RAF, Tab 9 at 1. The administrative judge notified the appellant of his burden to prove his IRA appeal. *Id.* at 4-10. Both parties submitted additional evidence and argument prior to the close of the record. RAF, Tabs 13-15. The administrative judge issued a decision that denied the appellant's request for corrective action. RAF, Tab 16, Remand Initial Decision (RID) at 1. He found that the appellant exhausted his remedies with the Office of Special Counsel (OSC) and that his nonselection was a personnel action under 5 U.S.C. § 2302(a)(2)(A). RID at 5-6. The administrative judge found that the appellant failed to show that his whistleblowing was a contributing factor to his nonselection.[2] RID at 12. The appellant has submitted a timely petition for review. Remand Petition for Review (RPFR) File, Tab 1. The agency has responded in opposition to the appellant's petition for review. RPFR File, Tab 2.

---

[2] The administrative judge also found that the agency proved by clear and convincing evidence that it would not have selected the appellant for the vacant position. ID at 13. Because we find that the appellant did not prove that his whistleblowing was a contributing factor to his nonselection, the appellant did not prove his prima facie claim of reprisal and the administrative judge erred in reaching the issue as to whether the agency proved by clear and convincing evidence that it would have taken the personnel action. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014). Therefore, we VACATE the administrative judge's clear and convincing finding.

¶5     To secure corrective action from the Board in an IRA appeal, an appellant must first seek corrective action from OSC.  *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014).   If an appellant has exhausted his administrative remedies before OSC, he can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that he made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to take a personnel action.  *Id.*  Once the appellant successfully proves jurisdiction, he must establish a prima facie case of whistleblower reprisal by proving, by preponderant evidence, that he made a protected disclosure that was a contributing factor in a personnel action taken against him.  *Hugenberg v. Department of Commerce*, 120 M.S.P.R. 381, ¶ 9 (2013).  The parties have not contested the administrative judge's findings that the appellant exhausted his administrative remedies with OSC, that his nonselection was a covered personnel action, and that he made a protected disclosure.  Therefore, we see no reason to disturb these well-reasoned findings on review.  *See* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely petition for review or cross petition for review).

¶6     The administrative judge found that the appellant failed to show that the officials who made the decision not to select him for a vacant instructor position knew of his whistleblowing activity.  RID at 12.  He further found the appellant did not demonstrate that other individuals who were aware of his whistleblowing activity influenced the individuals on the selection panel.  RID at 12.  The appellant argues in his petition for review that the administrative judge made improper credibility determinations in giving greater weight to the agency's affidavits over the appellant's affidavit.  RPFR File, Tab 1 at 6-8.  We disagree.[3]

---

[3] When an administrative judge's findings are not based on the observation of witnesses' demeanor, the Board is free to reweigh the evidence and substitute its own judgment on credibility issues.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002).  On examining the evidence, we agree with the administrative judge's findings.

¶7        An employee who establishes that he made a protected disclosure has the additional burden of showing that the disclosure was a contributing factor in the personnel action. *Schneider v. Department of Homeland Security*, 98 M.S.P.R. 377, ¶ 16 (2005). An employee may meet this burden through circumstantial evidence, such as the acting officials' knowledge of the disclosure and the timing of the personnel action. *Id.* Thus, an appellant's submission of evidence that the officials taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel actions, i.e., evidence sufficient to meet the knowledge/timing test, satisfies the contributing factor standard. *Id.* While the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard, it is one possible way to satisfy the standard and is the method utilized by the appellant. *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 22 (2010); RAF, Tab 14 at 10-12.

¶8        Here, the appellant was correct that the proximity of his disclosure to the personnel action demonstrated the timing element of the knowledge/timing test. RAF, Tab 14 at 11-12. The appellant alleged that his nonselection occurred 22 months after making his protected disclosure. *Id.* at 11. The Board has previously held that a personnel action taken within 1 to 2 years of a disclosure meets the timing element of the knowledge/timing test. *Ontivero v. Department of Homeland Security*, 117 M.S.P.R. 600, ¶ 23 (2012).

¶9        However, the appellant fails to prove the knowledge element of the test. The appellant alleged both actual and constructive knowledge by the selecting officials involved in his nonselection. RAF, Tab 14 at 10-11. The appellant alleged that the selection panel became aware of his whistleblowing activities when the panel members reviewed his official personnel file (OPF). *Id.* at 11, 18. As the administrative judge noted in his decision, the appellant provided no evidence to support this argument and did not identify what documents, if any,

may have been included in his OPF that would have indicated his whistleblowing activity. RID at 10. The appellant's argument was contradicted by the sworn statement of one of the selection panel members that the selection panel was not aware of the appellant's whistleblowing activity. RAF, Tab 13 at 11. The appellant argues that the selection panel member's affidavit should have included only her actions in the selection process and not included statements on behalf of the other selection panel members. RPFR File, Tab 1 at 7. Even if the affidavit only addressed her individual process and actions as the appellant argues, the appellant has not demonstrated actual knowledge by either the affiant or the other two selection panel members. The appellant has not submitted any evidence that his disclosure or other documents relating to his whistleblowing were included in his OPF. The appellant only made the unsupported allegation that, because his OPF was forwarded to the selection panel, his activity could have been included in the file. RAF, Tab 14 at 11. In addition, the selection panel members were in a different directorate than the appellant, Continuing Education versus Undergraduate Education, based on the agency's affidavits and the organizational chart submitted by the appellant. *See id.* at 42 (organization chart for Continuing Education directorate), RAF, Tab 13 at 7, 11 (selection panel consisted of deans of three Arabic language schools in the Undergraduate Education directorate). Therefore, the appellant has not proven by preponderant evidence that the selection panel had actual knowledge of his protected disclosure when it did not select him for the instructor position.

¶10    The appellant also alleged that his former dean and supervisory program manager were both aware of his disclosure and influenced the selection process. RAF, Tab 14 at 11. In making this argument, he seeks to impute knowledge of his disclosure to the selection panel under a cat's paw theory. *See Aquino*, 121 M.S.P.R. 35, ¶ 21 (citing *Staub v. Proctor Hospital*, 562 U.S. 411, 131 S. Ct. 1186, 1194 (2011) (applying a cat's paw theory to a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994)). Under this

theory, an appellant can demonstrate that his whistleblowing was a contributing factor in the personnel action by showing by preponderant evidence that an individual with knowledge of his protected disclosure influenced the deciding officials accused of taking the personnel action. *Id.*, ¶ 23.

¶11    The agency provided evidence that the selection panel made its choices based on the performance and disciplinary records found in the OPF of each applicant and did not discuss the selections with anyone in the appellant's division. RAF, Tab 13 at 11. The agency submitted a sworn affidavit from the former dean, who stated that he did not discuss the appellant's whistleblowing disclosure with the members of the selection panel.[4] *Id.* at 8. The appellant stated in his affidavit that, after he made his protected disclosure, his supervisory program manager's treatment of him was "noticeably different and less cordial." RAF, Tab 14 at 18. The appellant argued that the timing of the change in behavior was evidence that the supervisory program manager was aware of the disclosure. *Id.* at 10-11. The appellant admitted that he did not know what actions the former dean took regarding his disclosure. *Id.* at 17. We find that the appellant provided insufficient evidence that the supervisory program manager had knowledge of the protected disclosure or engaged in any activity with the intent to cause the selection panel to take the personnel action.[5]

---

[4] The appellant argues that the former dean's affidavit should not have been weighted so greatly by the administrative judge because the former dean's statements, regarding any comments from the appellant's supervisory chain of command, are hearsay. RPFR File, Tab 1 at 7-8. We need not consider the former dean's statements beyond his statement that he did not discuss the disclosure with the selection panel because the appellant has only alleged constructive knowledge through the former dean and supervisory program manager and not any other members of his supervisory chain of command. RAF, Tab 14 at 10-11.

[5] In an IRA appeal, the appellant bears the burden of proving that the retaliation at issue was related to a protected disclosure. *See Hugenberg*, 120 M.S.P.R. 381, ¶ 9 (setting forth the elements of the appellant's prima facie case). Therefore, to the extent that the appellant alleges that the program manager retaliated against him for his disclosure that we previously held not to be protected, that claim also fails. RAF, Tab 1 at 5, Tab 14 at 18.

¶12    We also agree with the administrative judge that the appellant provided insufficient evidence that his former supervisory program manager influenced the selection process. RID at 12. The appellant alleged that one of the instructors was not initially selected but was selected after meeting with the supervisory program manager. RAF, Tab 14 at 18. The appellant did not provide evidence, such as an affidavit from the selected instructor, that the supervisory program manager's involvement led to his subsequent selection. *Id.*

¶13    In 2010, the appellant reported to a new program manager. *See id.* at 17. The appellant further alleged in his affidavit that his new program manager disciplined him in 2010, in retaliation for his protected disclosure. *Id*. at 18. According to the appellant, this discipline was then reviewed and considered by the selection panel in deciding not to select him. *Id.* However, as the administrative judge noted in his decision, the appellant had previously alleged that this discipline was due to discrimination based on national origin and not in retaliation for whistleblowing. RID at 11-12. In addition, the appellant has provided no evidence that the new program manager had any knowledge of his 2009 protected disclosure beyond his own unsupported speculation. RAF, Tab 14 at 18. Therefore, we find that the evidence does not support imputing knowledge of the appellant's disclosure to the selection panel under the cat's paw theory.

¶14    Based on the evidence in the record, we find that the appellant did not prove by preponderant evidence that his protected disclosure was a contributing factor in his nonselection for the instructor position because he did not prove that the selection panel was aware, or was influenced by someone who was aware, of his whistleblowing activity.

¶15    In his initial appeal, the appellant indicated that his temporary appointment was allowed to expire in retaliation for his whistleblowing activity. IAF, Tab 1 at 5. The Board found in its remand decision that the appellant established jurisdiction over this claim. RAF, Tab 1 at 7. The appellant, who was represented by counsel, did not submit any evidence or argument on remand

regarding this claim, and the administrative judge did not address it in his remand initial decision. Because the appellant withdrew his request for a hearing, the Board can decide this issue on review. *See Shingles v. U.S. Postal Service*, 90 M.S.P.R. 245, ¶ 10 (2001) (the effect of an appellant withdrawing his request for a hearing is an adjudication based on the record).

¶16        The appellant's temporary appointment expired on September 30, 2011, but he alleged that the decision to close the department in which he worked was made in April 2011, and he was informed of the decision in May 2011. IAF, Tab 1 at 8, Tab 7, Subtab 4G; RAF, Tab 14 at 17. Therefore, the appellant has proven the timing element of the knowledge/timing test by preponderant evidence because the appellant made his disclosure approximately 20 months before the decision to end the program. RAF, Tab 14 at 17; *see Ontivero*, 117 M.S.P.R. 600, ¶ 23. On remand, the agency submitted evidence that the provost decided to reorganize due to a lack of work. The appellant has failed to meet his burden to prove the knowledge element of the knowledge/timing test, because he provided no evidence or argument that the provost had any knowledge of his protected disclosure. As mentioned above, the appellant acknowledged that he was not aware of what actions, if any, the former dean took regarding his disclosure. RAF, Tab 14 at 17. There is no evidence that the former dean shared the disclosure with the provost. There is also no evidence that the former dean influenced the provost to end the program and not to extend the appellant's temporary appointment. Because the appellant has not shown that the provost was aware of his protected disclosure, he has not demonstrated that the disclosure was a contributing factor in the agency's decision to allow his temporary appointment to expire. Therefore, his claim regarding the termination of his temporary appointment also fails.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.